IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

HEATHER ROUNDS,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

Case No. 3:12-cv-00342-MA

ORDER ON EAJA FEES

MARSH, Judge.

Plaintiff seeks an award of attorney fees in the amount of $22,838.70 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A). The Commissioner objects to plaintiff's attorney fee application, arguing that the Commissioner's position was substantially justified. Alternatively, the Commissioner argues that plaintiff's requested EAJA award should be reduced because the work of plaintiff's three attorneys entailed unnecessary redundancies resulting in an unreasonable amount of time billed for the case. For the reasons that follow, plaintiff's Motion for Award of Fees pursuant to EAJA (ECF No. 30) is DENIED.

## BACKGROUND

Plaintiff filed this action for judicial review of a final decision of the Commissioner finding plaintiff not disabled and not entitled to disability benefits under Titles II and XVI of the Social

1 - ORDER ON EAJA FEES -

Security Act ("SSA"). On April 24, 2013, this court issued an Opinion and Order affirming the final decision of the Commissioner. On appeal, the Ninth Circuit Court of Appeals found the ALJ erred at step five of the sequential process, and reversed and remanded for further proceedings. *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996 (9th Cir. 2015). On March 17, 2016, plaintiff filed her motion for EAJA fees.

## LEGAL STANDARDS

The EAJA "authorizes federal courts to award attorneys' fees, court costs, and other expenses when a party prevails against the United States . . . ." *Hardisty v. Astrue*, 592 F.3d 1072, 1076 (9th Cir. 2010) (citing *United States v. 313.34 Acres of Land*, 897 F.2d 1473, 1477 (9th Cir. 1989)). The EAJA is not, however, an automatic fee-shifting statute; instead, it is a exception to the "American Rule" that a prevailing litigant shall not collect attorneys' fees from the losing party. *Hardisty*, 592 F.3d at 1076; *Federal Election Comm'n v. Rose*, 806 F.2d 1081, 1090 (D.C. Cir. 1986).

Under the EAJA, a prevailing party is entitled to recover attorneys' fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). "The test for whether the government is substantially justified is one of reasonableness." *Gonzales v. Free Speech Coalition*, 408 F.3d 613, 618 (9th Cir. 2005) (internal quote omitted). The government's position need not be justified to a high degree, but to a degree that could satisfy a reasonable person. *Pierce v. Underwood*, 487 U.S. 552, 563-66 (1988); *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1230 (9th Cir. 1990).

A substantially justified position does not necessarily mean a correct position; instead there may be a dispute over which reasonable minds could differ. *Gonzales*, 408 F.3d at 618. A position is substantially justified if it has a reasonable basis in law and in fact. *Pierce*, 487 U.S. at 565; *Hardisty*, 592 F.3d at 1079. The government bears the burden of demonstrating substantial justification. *Hardisty*, 592 F.3d at 1076 n.2; *Kali v. Bowen*, 854 F.2d 329, 332 (9th Cir. 1988). The government must justify both the original agency action and its litigation position. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001).

"The clarity of the governing law is an important factor to consider in determining whether the government's position was substantially justified." *Mattson v. Bowen*, 824 F.2d 655, 657 (8th Cir. 1987). "'For purposes of the EAJA, the more clearly established are the governing norms, and the more clearly they dictate a result in favor of the private litigant, the less "justified" it is for the government to pursue or persist in litigation.' Conversely, if the governing law is unclear or in flux, it is more likely that the government's position will be substantially justified." *Martinez v. Secretary of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987) (quoting *Spencer v. NLRB*, 712 F.2d 539, 559 (D.C. Cir. 1983)).

## DISCUSSION

### I. Substantially Justified Position

The ALJ determined that plaintiff had the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels but with the following nonexertional limitations: she can perform one to two step tasks with no public contact, no teamwork and limited coworker contact." At step five, the ALJ relied on VE testimony to conclude that someone with plaintiff's

RFC could perform jobs that exist in the national and local economy, including kitchen helper, hand packager, and recycler/reclaimer, all of which require a GED Reasoning Level of Two. This court affirmed the ALJ's decision, noting the lack of Ninth Circuit precedent on the issue and a split of authority among district courts.

On appeal, the Ninth Circuit held there was an apparent conflict between plaintiff's RFC and the demands of Level Two reasoning and that, because the ALJ did not recognize the apparent conflict, the VE did not address whether the conflict could be resolved. *Rounds*, 807 F.3d at 1003-04. As a result, the Ninth Circuit found it could not "determine whether substantial evidence supports the ALJ's step-five finding" and the case was remanded to the ALJ to determine "whether there is a reasonable explanation to justify relying on the VE's testimony." *Id.* at 1004 (quotations and footnote omitted).

As a subsequent Ninth Circuit case noted, prior to *Rounds* the court had not determined whether "an RFC for '1 to 2 step tasks' is in apparent conflict with Reasoning Level 2." *Allen-Howard v. Commissioner Social Security Administration*, 615 Fed. Appx. 402, 403 (9th Cir. 2015) (citable for its persuasive authority pursuant to Ninth Circuit Rule 36-3). Thus, at the time of the original agency decision and at the time this Court affirmed the Commissioner, the Ninth Circuit had not yet resolved the question, and district courts within the Ninth Circuit had reached different conclusions. *Id.*; *see also Trujillo v. Colvin*, Case No. 3:13-cv-00620-SI, 2014 WL 4824985 at *3 (D. Or. Sept. 23, 2014) (discussing district court cases on both sides of the issue).

Given the lack of precedential authority on the issue prior to the Ninth Circuit's decision in this case, along with the split of authority among district courts, the court finds there was a

4 - ORDER ON EAJA FEES -

reasonable basis in law and fact to support the ALJ's decision and, furthermore, the Commissioner's litigation position in this Court was also substantially justified. *See Allen-Howard*, 615 Fed. Appx. at 403 (affirming district court's denial of EAJA fees based upon finding that Commissioner's litigation position on the identical issue was substantially justified); *Trujillo*, 2014 WL 4824985 at *3 (denying EAJA fees based upon finding that Commissioner's litigation position on identical issue was substantially justified). As such, plaintiff is not entitled to attorney fees under the EAJA.

## II.  Issue Not Reached

Plaintiff also contends that attorney fees may be awarded under the EAJA because the Ninth Circuit also "found in plaintiff's favor" and remanded on plaintiff's challenge to the ALJ's failure to find that plaintiff's fibromyalgia is a medically determinable impairment. Plaintiff's characterization of the Ninth Circuit's decision, however, is incorrect.

The Ninth Circuit noted plaintiff's arguments that the ALJ erred by (a) failing to develop the record of her fibromyalgia diagnosis, (b) relying on the opinions of medical experts who reviewed her records before the fibromyalgia diagnosis or who question the existence of fibromyalgia, and (c) substituting the ALJ's own assessment of the fibromyalgia diagnostic criteria for that of her treating physician. *Rounds*, 807 F.3d at 1005. The court then explicitly stated "*[h]owever*, we need not reach these arguments." *Id.* (footnote omitted) (emphasis added). After explicitly stating plaintiff's arguments would not be addressed, the court went on to note in dicta that after the ALJ issued the decision in this case, the Commissioner adopted SSR 12-2p, which designates two separate sets of diagnostic criteria that can establish fibromyalgia as a medically

determinable impairment. *Id.* Because it appeared from the ALJ's decision that the ALJ did not consider the second of the two diagnostic criteria set, the court further noted that on remand the ALJ would be required to apply SSR 12-2p and thereby consider the 2010 diagnostic criteria. *Id.* The court then concluded, "[b]ecause the ALJ has not yet made this determination and it may moot [plaintiff's] other arguments regarding her fibromyalgia diagnosis, we need not reach [her] other arguments at this time." *Id.*

In *Hardisty*, the Ninth Circuit framed the EAJA fees analysis as turning only on issues "reached" by the district court. *Hardisty*, 592 F.3d at 1078 (declining to conduct EAJA fees analysis "on those issues that the district court chose not to reach in its original decision"). Under *Hardisty*, "analyzing the propriety of an EAJA fee award involves analyzing *only* the issue(s) that gave rise to the remand, and does not involve an examination of other issues that were not actually reached by the . . . court." *Cudia v. Astrue*, Case No. 2:08-cv-01676 KJN, 2011 WL 6780907 * 6 (E.D. Cal. Dec. 27, 2011) (citing *Hardisty*, 592 F.3d at 1075) (emphasis added).

In this case, the Ninth Circuit explicitly declined to reach the merits of Plaintiff's claims regarding the ALJ's assessment of Plaintiff's fibromyalgia. The Ninth Circuit did not find "in plaintiff's favor" on this issue; instead, the only issue that gave rise to the remand was the error in the ALJ's error at step five. Accordingly, Plaintiff is not entitled to attorney fees under the EAJA.

/ / /

/ / /

/ / /

/ / /

6 - ORDER ON EAJA FEES -

## CONCLUSION

For these reasons, the court DENIES Plaintiff's Application for Attorney Fees Pursuant to EAJA (#30).

IT IS SO ORDERED.

DATED this 6 day of July, 2016.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

7 - ORDER ON EAJA FEES -